IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                       MEMORANDUM

             Plaintiff,

                                                                         06-cr-218-jcs

    v.

JEREMY M. HOWARD,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Court of Appeals for the Seventh Circuit has remanded this case for the limited purpose of determining whether the sentencing judge would have imposed the same sentence on defendant Jeremy M. Howard had it known at the time of sentencing that the crack-to-powder ratio is not mandatory. <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007).

Although Judge Shabaz was the sentencing judge, he is on medical leave and not available to answer the court of appeals' question or to impose any subsequent sentence should that be necessary. In his place, I have examined the record, the court's sentencing statement and defendant's presentence report. From that review, I am persuaded that it is unlikely that Judge Shabaz would want to resentence defendant except in response to a motion by defendant for a reduction in his sentence under 18 U.S.C. § 3582 and

1

Amendment 706 to the sentencing guidelines. I would certainly consider a reduction in defendant's sentence under § 3582 if defendant were to file a motion to that effect but I would not be inclined to reduce his sentence under <u>Kimbrough</u>.

 Defendant was only 20 when he was sentenced but he had already accumulated sufficient criminal convictions to qualify for criminal history category VI. His criminal history began when he was 11, when he acted as a lookout for another juvenile, who stole money from a museum donation box. His criminal conduct escalated from that point to driving without a license at age 13, attempted robbery with use of force at age 14, battery and possession of cocaine with intent to distribute at age 15, two more batteries at age 18, another one at age 19 and finally, distribution of cocaine base at age 20. With this kind of record, defendant's serious educational deficiencies and his lack of apparent insight into his criminal tendencies, the likelihood of recidivism is high. A significant sentence is necessary to protect the community, provide defendant an opportunity to participate in educational and rehabilitative programs and reflect the seriousness of his crimes.

 Entered this 26th day of August, 2008.

          BY THE COURT:
          /s/
          BARBARA B. CRABB
          District Judge